UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN LEE REMUS, JR.
    Plaintiff,

v.

CITY OF DETROIT
    Defendant.
_____/

Case No. 07-15370

Hon. John Corbett O'Meara

## ORDER DISMISSING THE COMPLAINT

Defendant's motion for summary judgment is before this court. The motion was filed on August 4, 2008. Rather than respond, Plaintiff filed an application for leave to amend its complaint. Defendant's response to the application for leave to amend the complaint was filed September 4, 2008. For the reasons set forth below, the court denies the motion for summary judgment as moot, and dismisses this matter because the statute of limitations for filing this action had expired.

## FACTUAL BACKGROUND

The facts arise from a domestic incident that occurred on December 16, 2004. Plaintiff Remus claims several Detroit Police Officers arrested him without cause and used excessive force. Further, Remus alleges that Defendant City of Detroit failed to investigate complaints made to it regarding police misconduct.

Defendant City of Detroit alleges a much more volatile situation, one in which Remus was armed with a shotgun and had threatened two people during a rent dispute. When police arrived, Remus supposedly refused to talk to them and slammed his door in their face. Eventually, the police arrested Remus and found the shotgun which was armed with one live round. Charges against Remus were subsequently dropped because of a lack of cooperation from the alleged victims.

Later, Plaintiff filed a citizen's complaint involving this incident.[1] The police department's Office of the Chief Investigator exonerated the officers involved in this case. On

---

[1] There is nothing in the record that indicates the filing date of the citizen's complaint or when the citizen's complaint was reviewed and decided.

December 17, 2007, Remus filed this complaint.

## LAW AND ANALYSIS

In Michigan, 42 U.S.C. § 1983 claims such as this have a three-year statute of limitations. M.C.L. 600.5805(9); Conlin v. Blanchard, 890 v. F2d 811, 815 (6th Cir 1989). Plaintiff filed his complaint on December 17, 2007, three years and a day after the events claimed took place. Moreover, Plaintiff's proposed amended complaint cannot relate back to the date of filing the original complaint. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996).

Even if in arguendo this complaint were allowed to proceed, it would lose at summary judgment. Plaintiff seeks to impose section 1983 liability on the City of Detroit. He can do so, but only if he can show a custom or policy on the part of the City of Detroit that helped inflict Plaintiff's alleged injuries. Searcy v. City of Dayton, 38 F.3d 282 (6th Cir. 1994). This court agrees with Defendant that there is nothing in the facts presented to it to indicate evidence of a custom or policy by the City of Detroit that encourages or authorizes excessive force or detention without reasonable cause.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that this complaint is dismissed because it was filed after the applicable statute of limitations had expired, and Defendant's motion for summary judgment is DENIED as moot.

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: September 16, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 16, 2008, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager